**ORIGINAL**

IN THE CIRCUIT COURT OF THE 13TH
JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 10016692

**DIVISION D**

ANGELA WILSON as Personal
Representative of the Estate of RONEY
WILSON, deceased, on behalf of the
Estate of RONEY WILSON and on
behalf of VERONICA WILSON
surviving daughter and RONNIE
WILSON, JR. surviving son,
    Plaintiff,

vs.

SHERIFF DAVID GEE IN HIS
OFFICIAL CAPACITY AS SHERIFF
OF HILLSBOROUGH COUNTY AND
DEPUTY JESSICA GUTHRIE,
DEPUTY MARY ANGELO, AND
DEPUTY DUSTIN HARTLINE,

    Defendants.

_____/

FILED
AUG 18 2010
CLERK OF CIRCUIT COURT
CIRCUIT CIVIL DEPT.

## COMPLAINT – JURY TRIAL DEMANDED

COMES NOW the Plaintiff, ANGELA WILSON as Personal Representative of the Estate of RONEY WILSON, deceased, on behalf of the Estate of RONEY WILSON, VERONICA WILSON and RONNIE WILSON, JR., surviving minor children by and through their undersigned attorneys and sues the Defendants SHERIFF DAVID GEE IN HIS OFFICIAL CAPACITY AS SHERIFF OF HILLSBOROUGH COUNTY, DEPUTY JESSICA GUTHRIE, DEPUTY MARY ANGELO, and DEPUTY DUSTIN HARTLINE, [at times collectively referred

to as "the Deputies"] and allege as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1. This is an action pursuant to the 4th and 14th Amendments to the United States Constitution, U.S.C. Section 1983, Fla. Stat. 776.05 and Fla. Statute 768.28 for damages which exceed the sum of Fifteen Thousand Dollars ($50,000.00). This Court has concurrent jurisdiction as to all claims.

2. At all times material, RONEY WILSON was a resident of Hillsborough County and the Father of VERONICA WILSON d/o/b November 3, 1986 and RONNIE WILSON, JR. d/o/b May 28, 1988.

3. ANGELA WILSON is the surviving spouse of RONEY WILSON and the appointed Personal Representative of the Estate of Roney Wilson. Attached as Exhibit A is the court order appointing Angela Wilson Personal Representative.

4. At all times material, DEPUTY JESSICA GUTHRIE, DEPUTY MARY ANGELO, DEPUTY DUSTIN HARTLINE, (hereinafter "DEPUTIES") were employees of the Hillsborough County Sheriff's Department. They were on active duty at the time of the events described herein, and acting **beyond their discretionary departmental authority** for all acts comprising the basis of this complaint.

5. At all times material, DAVID GEE was the Sheriff of Hillsborough County and was acting in his official capacity as Sheriff of Hillsborough County.

6. All events and actions that form the basis of this complaint occurred in Hillsborough County.

7. Venue is proper in Hillsborough County.

8. Plaintiff has complied with all conditions precedent, specifically complying with Florida Statute Section 768.28, by notifying the Sheriff of Hillsborough County as head of the agency concerned and the Florida State Department of Finance. Six months have expired since the notification has been sent.

9. Defendant SHERIFF is and was the Sheriff of Hillsborough County, Florida and in that capacity is responsible for lawfully conducting the office's operations, training and establishing and enforcing office policies and procedures.

10. Defendant SHERIFF, in that capacity, is responsible for the acts of his agents, officers, deputies and employees of the Department.

11. The Hillsborough County Sheriff's Department owed RONEY WILSON a duty of reasonable care and treatment and duty to ensure his safety during any investigation and arrest and to be free from any unlawful seizure and any use of excessive force.

12. ANGELA WILSON sues SHERIFF DAVID GEE, in his official capacity, for violations of 42 U. S. C. 1983 and negligence. In that capacity, SHERIFF DAVID GEE is derivatively liable by virtue of his office and under state statute and decisional law for all actions and communications of his deputies or subordinates insofar as the state wrongful death claim.

13. On or about September 11, 2008, RONEY WILSON, a person known to have a mental illness, demonstrated the need for medical intervention. He was at the home of his mother, ANNIE WILSON, at the time. He started to become agitated, and the family learned he had not taken his medication. He placed himself in Mrs. Wilson's truck and started hitting the windshield stating he wanted to go home. The family attempted to remove him from the truck by squirting water on him with a hose.

14. Unsuccessful in removing RONEY WILSON from the truck, and recognizing the need for medical intervention for her son, ANNIE WILSON called 911. She explained that her son had a history of mental illness and was on treatment but believed he had not taken his medication. She believed her son needed to be Baker Acted and requested police assistance. No crime was committed, and RONEY WILSON was not a felon.

15. Upon arrival at the WILSON home, DEPUTIES JESSICA GUTHRIE, MARY ANGELO and DUSTIN HARTLINE, all deputies of the HILLSBOROUGH COUNTY SHERIFF'S DEPARTMENT, knew from dispatch that Mr. Wilson was on medication for mental illness and under the care of a mental health doctor.

16. Assessing the situation, the DEPUTIES determined there were no weapons and no keys in the truck. The DEPUTIES decided they needed to remove RONEY WILSON from the truck. During the attempts, RONEY WILSON kept repeating "leave me alone". Finally, Deputy HARTLINE grabbed RONEY WILSON's arm and RONEY WILSON attempted to kick him for his efforts. Deputy HARTLINE then grabbed RONEY WILSON about his neck or upper shoulder in an attempt to remove him from the truck. RONEY WILSON told the deputies it was wrong to remove him.

17. It was then decided that DEPUTY ANGELO should taser RONEY WILSON. It is believed DEPUTY Angelo had no prior experience in using a taser apart from any minimal basic training she may have received. DEPUTY ANGELO attempted 3-4 times to taser RONEY WILSON, all to no avail. Having used the taser improperly, as evidenced by the fact the RONEY WILSON sustained no neuromuscular incapacitation (NMI). NMI occurs when the muscles are stunned, physically incapacitating the victim. DEPUTY ANGELO only succeeded

in causing RONEY WILSON pain. Each time she tasered RONEY WILSON, his pain increased, escalating his agitation.

18. The DEPUTIES proceeded to seize RONEY WILSON, remove him from the truck, and force him onto the ground. It is believed DEPUTY ANGELO again attempted to taser RONEY WILSON, to no avail. RONEY WILSON tried to scramble under the truck where DEPUTY GUTHRIE successfully handcuffed his right arm. DEPUTY HARTLINE handcuffed the other. Meanwhile DEPUTY ANGELO "drive tasered" MR. WILSON'S buttocks and calf at least three (3) more times, again not obtaining the desired result but causing even more pain (Drive taser places the taser on the skin or very close to the person's skin). It is not surprising the taser did not have the desired effect as recognized by DEPUTY ANGELO's statement "It didn't shock him." DEPUTY ANGELO then shackled RONEY WILSON's ankles. DEPUTY HARTLINE placed RONEY WILSON in a 3- point restraint whereby a boot is secured to his shoulder and his knee across his back, pinning him face down. At no time was the taser employed as a device of last resort under the circumstances.

19. Despite having seized and immobilized RONEY WILSON, the DEPUTIES decided to take even further wrongful action in hog-tying RONEY WILSON whereby his ankles were shackled to his wrists that were already bound behind his back. They proceeded to hog tie him in this fashion while he lay face down on the ground. Finally, shortly after the hog tie, the DEPUTIES realized RONEY WILSON had succumbed as he was no longer fighting them. In fact, he was dead.

20. Mr. Wilson died at the scene after suffering a cardiac/respiratory arrest. The manner of death was determined by the medical examiner as a homicide. This in-custody

wrongful death and 1983 action followed.

21. As a result of the wrongful death of RONEY WILSON, the Estate of Roney Wilson has in the past incurred medical and funeral expenses that have become a charge against his Estate or that were paid by or on behalf of the decedent and loss of net accumulations.

22. As a result of the death of RONEY WILSON, Plaintiff, ANGELA WILSON as surviving spouse of RONEY WILSON, deceased, has been in the past and will in the future be deprived of the companionship and protection of RONEY WILSON and mental pain and suffering caused by RONEY WILSON's death.

23. As a result of RONEY WILSON's death, Plaintiff VERONICA WILSON, surviving minor daughter of RONEY WILSON, has been in the past and will in the future be deprived of support and services and parental companionship and instruction and guidance of her father, RONEY WILSON, and mental pain and suffering caused by his death.

24. As a result of RONEY WILSON's death, Plaintiff, RONNIE WILSON JR, surviving minor son of RONEY WILSON, has been in the past and will in the future be deprived of support and services and parental companionship and instruction and guidance of his father, RONEY WILSON, and mental pain and suffering caused by his death.

### COUNT I - VIOLATIONS OF 42 U.S.C. 1983

Plaintiff adopts and alleges all prior paragraphs and further alleges:

25. At all times material, SHERIFF DAVID GEE, in his official capacity while operating under the color of state law, deprived RONEY WILSON of his rights pursuant to the 4th and 14th Amendment of the United States Constitution, and 42 U.S.C. Section 1983, Florida Statute 776.05 which protect Americans from unlawful seizures and the use of excessive or

unreasonable force from law enforcement.

26. A reasonable official could believe his conduct was not that contemplated by the 4th and 14th amendment to the United States Constitution. Under the circumstances, it was, unreasonable to seize, RONEY WILSON, a mentally ill person who had committed no crime and was not a felon, in such a manner that inflicts pain time and again thus allowing the situation to escalate out of control. Further, it was unreasonable to take no alternative, less agitating intervention. It was unreasonable to further escalate the situation and further agitate a seized person, like RONEY WILSON, by hog tying him. It was foreseeable these actions would cause or contribute to grave bodily harm. This was especially true when RONEY WILSON was already adequately subdued and posed no threat to the deputies, committed no crime, and was not a fleeing felon. There was no legitimate reason for any DEPUTY to use excessive force in the seizure of RONEY WILSON.

27. SHERIFF GEE, in his official capacity, implicitly authorized, approved or knowingly acquiesced to the unconstitutional conduct underlying this action. It is foreseeable that allowing improperly trained deputies or adopting and promulgating policies that allow for use of excessive force and allowing deputies to use improper seizure methods and inexcusable excessive force violates any citizen's constitutional rights in general and RONEY WILSON's constitutional rights specifically.

WHEREFORE, Plaintiff, ANGELA WILSON as Personal Representative of the Estate of RONEY WILSON, deceased, and on behalf of VERONICA WILSON and RONNIE WILSON, JR., surviving minor children, demands judgment for damages as set forth above against the Defendant and further demands trial by jury, attorneys' fees and costs associated with this action.

## COUNT II : SHERIFF'S NEGLIGENT TRAINING AND SUPERVISION

Plaintiff readopts and realleges Paragraphs 1-24 and further alleges:

28. Defendant SHERIFF GEE , in his official capacity as Sheriff of Hillsborough County, had a duty to ensure all deputies were properly trained in the use of tasers and restraints, and Baker Act procedures, before they were allowed to use a taser or restrain a person, such as RONEY WILSON.

29. Defendant, SHERIFF GEE in his official capacity as Sheriff of Hillsborough County, caused violations of RONEY WILSON's constitutionally guaranteed rights in one or more ways and breached that duty by negligently training the DEPUTIES such that they collectively misused and misapplied unbearable and excessive force under the circumstances. That breach includes, but is not limited to:

   a. Negligently failing to adequately hire, screen, train, supervise deputies;

   b. Negligently failing to establish and/or implement or enforce procedures to ensure detainee safety;

   c. Negligently failing to exercise reasonable care under all of the relevant surrounding circumstances;

   d. Failing to enact sufficient policies and procedures to prevent the use of excessive force by the Defendant DEPUTIES when applied to a person suffering from mental health issues;

   e. Adopting policies and procedures that did not properly address the risk of constitutional violations, such as negligent use of hogtying an already restrained detainee, of which Defendant SHERIFF knew of or should have been aware.

30. The breach of this duty proximately caused or substantially contributed to RONEY

WILSON's death and the damages as more fully set forth below.

WHEREFORE, Plaintiff, ANGELA WILSON as Personal Representative of the Estate of RONEY WILSON, deceased, and on behalf of VERONICA WILSON and RONNIE WILSON, JR., surviving minor children, demands judgment for damages as set forth above against the Defendant and further demands trial by jury, attorneys' fees and costs associated with this action.

## COUNT III - 42 U.S.C. 1983 CLAIM TO BE FREE OF EXCESSIVE FORCE AGAINST DEPUTY GUTHRIE

Plaintiff adopts and realleges Paragraphs 1-24 and further alleges:

31. At all time material, Defendant DEPUTY GUTHRIE had a duty to use only that force necessary to detain Roney Wilson to obtain medical help. He was not a fleeing felon and had committed no crime. DEPUTY GUTHRIE'S use of excessive force was in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution

32. Defendant DEPUTY GUTHRIE violated RONEY WILSON'S constitutional rights by applying and allowing to be applied excessive force in restraining RONEY WILSON then hog tying him after he was already restrained face down shackled and in a 3-point restraint.

33. Therefore, at the time of the use of excessive force, DEPUTY GUTHRIE was not acting within her discretionary authority when she deprived RONEY WILSON of his liberty and caused his death.

34. Defendant DEPUTY GUTHRIE's violation of RONEY WILSON's constitutional rights proximately caused or substantially contributed to the death of RONEY WILSON and the damages as more fully set forth below.

WHEREFORE, Plaintiff, ANGELA WILSON as Personal Representative of the Estate of

RONEY WILSON, deceased, and on behalf of VERONICA WILSON and RONNIE WILSON, JR., surviving minor children, demands judgment for damages as set forth above against the Defendant and further demands trial by jury, attorneys' fees and costs associated with this action.

### COUNT IV: VIOLATION OF FLORIDA STATUTE §776.05 BY DEPUTY GUTHRIE

Plaintiff adopts and realleges Paragraphs 1-24 and further alleges:

35. At all times material, DEPUTY GUTHRIE had a statutory duty to only use that force necessary to defend himself or herself or another from bodily harm while making the arrest. There being no lawful arrest, the use of excessive force to subdue RONEY WILSON was in direct violation of F.S.§ 776.05. By making an unlawful arrest under the circumstances, DEPUTY GUTHRIE was not justified in the use of "any force" but only that force REASONABLY necessary to detain RONEY WILSON. As set forth above, DEPUTY GUTHRIE used excessive force in direct violation of F.S. 776.05.

36. DEPUTY GUTHRIE's violation of her statutory duty proximately caused or substantially contributed to the death of RONEY WILSON.

WHEREFORE, Plaintiff, ANGELA WILSON as Personal Representative of the Estate of RONEY WILSON, deceased, and on behalf of VERONICA WILSON and RONNIE WILSON, JR., surviving minor children, demands judgment for damages as set forth above against the Defendant and further demands trial by jury, attorneys' fees and costs associated with this action.

## COUNT V - 42 U.S.C. 1983 CLAIM TO BE FREE OF EXCESSIVE FORCE AGAINST DEPUTY ANGELO

Plaintiff adopts and realleges Paragraphs 1-24 and further alleges:

37. At all time material, Defendant DEPUTY ANGELO had a duty to use only that force necessary to detain Roney Wilson to obtain medical help. He was not a fleeing felon and had committed no crime. DEPUTY ANGELO'S use of excessive force was in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution

38. Defendant DEPUTY ANGELO violated RONEY WILSON'S constitutional rights by applying and allowing to be applied excessive force in restraining RONEY WILSON then hog tying him after he was already restrained face down shackled and in a 3 point restraint.

39. Therefore, at the time of the use of excessive force, DEPUTY ANGELO was not acting within her discretionary authority when she deprived RONEY WILSON of his liberty and caused his death.

40. Defendant DEPUTY ANGELO'S violation of RONEY WILSON's constitutional rights proximately caused or substantially contributed to the death of RONEY WILSON and the damages set forth below.

WHEREFORE, Plaintiff, ANGELA WILSON as Personal Representative of the Estate of RONEY WILSON, deceased, and on behalf of VERONICA WILSON and RONNIE WILSON, JR., surviving minor children, demands judgment for damages as set forth above against the Defendant and further demands trial by jury, attorneys' fees and costs associated with this action.

## COUNT VI: VIOLATION OF FLORIDA STATUTE 776.05 BY DEPUTY ANGELO

Plaintiff adopts and realleges Paragraphs 1-24 and further alleges:

41. At all times material, DEPUTY ANGELO had a statutory duty to only use that force necessary to defend himself or herself or another from bodily harm while making the arrest. There being no lawful arrest, the use of excessive force to subdue RONEY WILSON was in direct violation of F.S. 776.05. By making an unlawful arrest under the circumstances, DEPUTY ANGELO was not justified in the use of "any force" but only that force REASONABLY necessary to detain RONEY WILSON. As set forth above, DEPUTY ANGELO used excessive force in direct violation of F.S. §776.05.

42. DEPUTY ANGELO's violation of her statutory duty proximately caused or substantially contributed to the death of RONEY WILSON.

WHEREFORE, Plaintiff, ANGELA WILSON as Personal Representative of the Estate of RONEY WILSON, deceased, and on behalf of VERONICA WILSON and RONNIE WILSON, JR., surviving minor children, demands judgment for damages as set forth above against the Defendant and further demands trial by jury, attorneys' fees and costs associated with this action.

## COUNT VII - 42 U.S.C. 1983 CLAIM TO BE FREE OF EXCESSIVE FORCE AGAINST DEPUTY HARTLINE

Plaintiff adopts and realleges Paragraphs 1-24 and further alleges:

43. At all time material, Defendant DEPUTY HARTLINE had a duty to use only that force necessary to detain Roney Wilson to obtain medical help. Mr. Wilson was not a fleeing felon and had committed no crime. DEPUTY HARTLINE'S use of excessive force was in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution

44. Defendant DEPUTY HARTLINE violated RONEY WILSON'S constitutional

rights by applying and allowing to be applied excessive force in restraining RONEY WILSON then hog tying him after he was already restrained face down shackled and in a 3 point restraint.

45. Therefore, at the time of the use of excessive force, DEPUTY HARTLINE was not acting within her discretionary authority when she deprived RONEY WILSON of his liberty and caused his death.

46. Defendant DEPUTY HARTLINE's violation of RONEY WILSON's constitutional rights proximately caused or substantially contributed to the death of RONEY WILSON and the damages set forth below.

WHEREFORE, Plaintiff, ANGELA WILSON as Personal Representative of the Estate of RONEY WILSON, deceased, and on behalf of VERONICA WILSON and RONNIE WILSON, JR., surviving minor children, demands judgment for damages as set forth above against the Defendant and further demands trial by jury, attorneys' fees and costs associated with this action.

## COUNT VIII: VIOLATION OF FLORIDA STATUTE 776.05 BY DEPUTY HARTLINE

Plaintiff adopts and realleges Paragraphs 1-24 and further alleges:

47. At all times material, DEPUTY HARTLINE had a statutory duty to only use that force necessary to defend himself or herself or another from bodily harm while making the arrest. There being no lawful arrest, the use of excessive force to subdue RONEY WILSON was in direct violation of F.S. 776.05. By making an unlawful arrest under the circumstances, DEPUTY HARTLINE was not justified in the use of "any force" but only that force REASONABLY necessary to detain RONEY WILSON. As set forth above, DEPUTY HARTLINE used excessive force in direct violation of F.S. 776.05.

DEPUTY HARTLINE's violation of her statutory duty proximately caused or substantially contributed to the death of RONEY WILSON.

WHEREFORE, Plaintiff, ANGELA WILSON as Personal Representative of the Estate of RONEY WILSON, deceased, and on behalf of VERONICA WILSON and RONNIE WILSON, JR., surviving minor children, demands judgment for damages as set forth above against the Defendant and further demands trial by jury, attorneys' fees and costs associated with this action.

Dated this 17th day of August, 2010.

Lytal, Reiter, Clark, Fountain & Williams, LLP
515 N. Flagler Drive, Suite 1000
West Palm Beach, FL 33401
(561) 655-1990
(561) 832-2932
Attorney for Plaintiff

_____
Nancy La Vista
Florida Bar # 855596

IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY,
FLORIDA         PROBATE DIVISION

IN RE: ESTATE OF

RONEY WILSON

File No. 2009 -CP- 2675

Division A East (R)

Deceased.

FILED 2009 DEC -2 AM 8:20
CLERK OF CIRCUIT COURT
HILLSBOROUGH COUNTY, FL
PROBATE

## LETTERS OF ADMINISTRATION
(single personal representative)

TO ALL WHOM IT MAY CONCERN:

WHEREAS, RONEY WILSON, a resident of Hillsborough County, Florida, died on September 11, 2008, owning assets in the State of Florida, and

WHEREAS, ANGELA WILSON has been appointed Personal Representative of the estate of the decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

NOW, THEREFORE, I, the undersigned Circuit Judge, declare ANGELA WILSON duly qualified under the laws of the State of Florida to act as Personal Representative of the estate of RONEY WILSON, deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law.

Ordered on _November 30_, 2009.

_____
Circuit Judge

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

THIS IS TO CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE DOCUMENT ON FILE IN MY OFFICE AND THE SAME IS IN FULL FORCE AND EFFECT THIS _2_ DAY OF _December_ 20 _09_

PAT FRANK
CLERK OF THE CIRCUIT COURT

BY _____ D.C
AS DEPUTY CLERK

**EXHIBIT A**

IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY,
FLORIDA            PROBATE DIVISION

IN RE: ESTATE OF

RONEY WILSON

File No. 2009 – CP – 2675

Division ☒ East (R)

Deceased.

## ORDER APPOINTING PERSONAL REPRESENTATIVE
(intestate -- single)

On the petition of ANGELA WILSON for administration of the estate of RONEY WILSON, deceased, the Court finding that the decedent died on September 11, 2008; and that ANGELA WILSON is entitled to appointment as Personal Representative by reason of Petitioner is the surviving spouse and has priority to serve as personal representative pursuant to Sec. 733.301, Fla. Stat, and is qualified to be Personal Representative, it is

ADJUDGED that ANGELA WILSON is appointed Personal Representative of the estate of the decedent, and that upon taking the prescribed oath, filing the designation and acceptance of resident agent, and entering into bond in the sum of (WAIVED), letters of administration shall be issued.

ORDERED on NOVEMBER 30, 2009.

/s/ Claudia R. Isom
_____
Circuit Judge

# FLORIDA CERTIFICATE OF DEATH

TYPE IN PERMANENT BLACK INK

LOCAL FILE NO.

1. DECEDENT'S NAME (First, Middle, Last, Suffix)
2. SEX
3. DATE OF BIRTH (Month, Day, Year)
4a. AGE-Last Birthday (Years)
4b. UNDER 1 YEAR — Months / Days
4c. UNDER 1 DAY — Hours / Minutes
5. DATE OF DEATH (Month, Day, Year): September 11, 2008
6. SOCIAL SECURITY NUMBER
7. BIRTHPLACE (City and State or Foreign Country)
8. COUNTY OF DEATH

9. PLACE OF DEATH (Check only one)
HOSPITAL: __ Inpatient    X Emergency Room/Outpatient    __ Dead on Arrival
NON-HOSPITAL: __ Hospice Facility  __ Nursing Home/Long Term Care Facility  __ Decedent's Home  __ Other (Specify)

10. FACILITY NAME (If not institution, give street address): South Florida Baptist Hospital
11a. CITY, TOWN, OR LOCATION OF DEATH
11b. INSIDE CITY LIMITS?  __ Yes  __ No

12. MARITAL STATUS (Specify): __ Married  __ Married, but Separated  __ Widowed  __ Divorced  __ Never Married
13. SURVIVING SPOUSE'S NAME (If wife, give maiden name)

14a. RESIDENCE - STATE
14b. COUNTY
14c. CITY, TOWN, OR LOCATION
14d. STREET ADDRESS
14e. APT. NO.
14f. ZIP CODE
14g. INSIDE CITY LIMITS?  __ Yes  __ No

15a. DECEDENT'S USUAL OCCUPATION
15b. KIND OF BUSINESS/INDUSTRY

16. DECEDENT'S RACE
17. DECEDENT OF HISPANIC OR HAITIAN ORIGIN?
18. DECEDENT'S EDUCATION
19. WAS DECEDENT EVER IN U.S. ARMED FORCES?  __ Yes  __ No

20. FATHER'S NAME (First, Middle, Last, Suffix)
21. MOTHER'S NAME (First, Middle, Maiden Surname)

22a. INFORMANT'S NAME
22b. RELATIONSHIP TO DECEDENT
23a. INFORMANT'S MAILING - STATE
23b. CITY OR TOWN
23c. STREET ADDRESS
23d. ZIP CODE

24. PLACE OF DISPOSITION
25a. LOCATION - STATE
25b. LOCATION - CITY OR TOWN

26a. METHOD OF DISPOSITION: __ Burial  __ Entombment  __ Cremation  __ Donation  __ Removal from State  __ Other (Specify)
26b. IF CREMATION, DONATION OR BURIAL AT SEA, WAS MEDICAL EXAMINER APPROVAL GRANTED?  __ Yes  __ No
27a. LICENSE NUMBER (of Licensee)
27b. SIGNATURE OF FUNERAL SERVICE LICENSEE OR PERSON ACTING AS SUCH

28. NAME OF FUNERAL FACILITY
29a. FACILITY'S MAILING - STATE
29b. CITY OR TOWN
29c. STREET ADDRESS
29d. ZIP CODE

30. CERTIFIER: __ Certifying Physician   X Medical Examiner
31a. (Signature and Title of Certifier): PHYSICIAN'S...
31b. DATE SIGNED: 09-26-2008
32. TIME OF DEATH (24 hr.): 2300
33. MEDICAL EXAMINER'S CASE NUMBER: 08-13-05473

34a. LICENSE NUMBER (of Certifier): ME 83501
34b. CERTIFIER'S NAME: Leszek Chrostowski, M.D.
35. NAME OF ATTENDING PHYSICIAN (if other than Certifier)

36a. CERTIFIER'S - STATE: Florida
36b. CITY OR TOWN: Tampa
36c. STREET ADDRESS: 401 S Morgan St
36d. ZIP CODE: 33602

37. SUBREGISTRAR - Signature and Date
38a. LOCAL REGISTRAR - Signature
38b. DATE FILED BY REGISTRAR (Mo, Day, Yr.)

39. PROBABLE MANNER OF DEATH: __ Natural  __ Accident  __ Suicide  __ Homicide  X Pending Investigation  __ Undetermined
40. REPORTED TO MEDICAL EXAMINER DUE TO CAUSE OF DEATH?  X Yes  __ No

41. CAUSE OF DEATH - PART I
IMMEDIATE CAUSE: a. pending further study
Due to (or as a consequence of): b.
Due to (or as a consequence of): c.
Due to (or as a consequence of): d.

PART II. Other significant conditions contributing to death but not resulting in the underlying cause given in PART I.
42a. WAS AN AUTOPSY PERFORMED?  X Yes  __ No
42b. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH?  X Yes  __ No

43a. IF SURGERY MENTIONED IN PART I OR II, ENTER REASON FOR SURGERY
43b. DATE OF SURGERY
44. DID TOBACCO USE CONTRIBUTE TO DEATH?  __ Yes  __ No  __ Probably  __ Unknown

45. IF FEMALE, WAS SHE PREGNANT WITHIN THE PAST YEAR: __ Yes  __ No  __ Unknown
46. DATE OF INJURY
47. TIME OF INJURY (24 hr.)
48. INJURY AT WORK?  __ Yes  __ No
49a. LOCATION OF INJURY - STATE
49b. CITY OR TOWN
49c. STREET ADDRESS
49d. APT. NO.
49e. ZIP CODE

50. DESCRIBE HOW INJURY OCCURRED
51. PLACE OF INJURY

52. IF TRANSPORTATION INJURY, 52a. Status of Decedent: __ Driver/Operator  __ Passenger  __ Pedestrian  __ Other (Specify)
52b. Type of Vehicle: __ Car/Minivan  __ S.U.V.  __ Motorcycle  __ Pickup Truck/Cargo Van  __ Bus  __ Heavy Transport  __ Other (Specify)